DA 08-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 119N

IN RE THE MARRIAGE OF
TERESA CHAPMAN,

      Petitioner and Appellant,

  and

MICHAEL PANAGAKIS,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-07-0298A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Christopher J. Gillette, Attorney at Law, Bozeman, Montana

      For Appellee:

      Michael Panagakis, self-represented, McAllister, Montana

Submitted on Briefs:  March 25, 2009

Decided:  April 7, 2009

Filed:

_____
                 Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Teresa Chapman (Chapman) appeals from the District Court's order denying her motion to modify the parenting plan and denying her request for a hearing. We reverse and remand.

¶3 Chapman and Respondent Michael Panagakis (Panagakis) had two children during their marriage, S.P., born in 1995, and A.P., born in 1997. Chapman and Panagakis divorced in 1999 pursuant to a decree issued by a court in Colorado. The court's decree included a parenting plan that provided that the parties would share parenting of the children on a roughly equal basis. The court also ordered Panagakis to pay child support.

¶4 Panagakis left Colorado after about a year and a half and relocated in California. Chapman alleges that Panagakis stopped paying child support at that time. Panagakis returned to Colorado in 2003. He remained in Colorado for approximately one year during which time he maintained regular visitation with the children. Chapman claims, however, that Panagakis did not resume paying child support. Panagakis once again returned to California.

2

¶5 Chapman remarried and decided to relocate eventually to Pony, Montana, in 2005 with her new husband and her two children. Panagakis relocated to McAllister, Montana, within two months. Panagakis again exercised his custody rights set forth in the parties' decree of dissolution. Chapman alleges that Panagakis did not renew any child support payments.

¶6 Chapman filed a petition for registration of foreign judgment on July 10, 2007, with the Eighteenth Judicial District Court, Gallatin County. Chapman also filed a motion to modify the parenting plan issued by the Colorado Court and requested a hearing. The District Court registered the Colorado decree on July 3, 2008.

¶7 The District Court issued its order on July 15, 2008, denying Chapman's motion to modify the Colorado parenting plan without conducting a hearing. The court determined that Chapman had "failed to set forth facts that a change has occurred in the children's circumstances sufficient to warrant an amendment" of the parenting plan.

¶8 Chapman argues on appeal that substantial changes in circumstances have taken place regarding the children. She contends that the parties have moved numerous times in the nearly nine years since the Colorado court entered the parenting plan. She alleges that Panagakis had only nominal contact with their two children during at least two separate year-long periods of time when he lived in different states from them. Chapman further points out that the children were ages one and three when the court in Colorado entered the parenting plan. They now are ages 11 and 13 and Chapman contends that their needs have changed. Chapman argues that the existing 50/50 schedule results in a lack of consistency in rules and

3

routines between the two households during the school year that has led to difficulties for the children at school and an inability to meet consistently the expectations of their teachers. Chapman argues that the children have "expressed a strong desire" to reside with her during the school week. Panagakis did not file a brief on appeal.

¶9 We review de novo a district court's assessment of the sufficiency of the evidence. *Giambra v. Kelsey*, 2007 MT 158, ¶¶ 26-27, 338 Mont. 19, 162 P.3d 134. We also conduct plenary review of the district court's conclusions of law. *In re Marriage of Syverson*, 281 Mont. 1, 15-16, 931 P.2d 691, 700 (1997). We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that Chapman has alleged changes in circumstances that could warrant modification of the parenting plan pursuant to § 40-4-219, MCA. As a result, we reverse the District Court's order denying Chapman's motion to amend the parenting plan and remand to the District Court to conduct a hearing to determine whether Chapman's proposed amendment to the parenting plan would serve the best interests of the children in this case, S.P. and A.P., as required by § 40-4-219, MCA.

¶10 Reversed and remanded.

/S/ BRIAN MORRIS

4

We Concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART